BRUCE E. LISKER
_____
NAME

D-22678
_____
PRISON IDENTIFICATION / BOOKING NUMBER

C-15-108-L        P.O. Box 409000
_____
ADDRESS OR PLACE OF CONFINEMENT

Ione, CA 95640-9000
_____

NOTE:    It is your responsibility to notify the Clerk of Court in writing of
         any change of address. If represented by an attorney, provide his
         name, address and telephone number.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRUCE E. LISKER
_____
FULL NAME
*(Include name under which you were convicted)*

                                    Petitioner,

                v.

MICHAEL KNOWLES
_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

                                    Respondent.

CASE NUMBER   CV- 04-02687 VAP RZ
To be supplied by the Clerk of the United States District Court.

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION  Los Angeles
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
*(List by case number)*

CV- _____

CV- _____

CV- _____

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered.  If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury.  You must set forth CONCISELY the answer to each question in the proper space on the form.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition, except that ONE separate additional page is permitted in answering Question No. 10.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed in forma pauperis (without paying the $5.00 filing fee and other court costs), then you must also complete and execute the declaration on the last two pages, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.  If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, ATTN: Intake/Docket Section.

A single petition should be used to challenge a particular State Court judgment of conviction and/or sentence.

Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

DOCKETED ON CM
APR 21 2004
BY _____ 066

04/16/2004 2:25:38 PM Receipt #: 13916
                Cashier : DMAYSA
Paid by: R. AMIDON
2:CV04-BECKY       LLA 2-1)
2004-006900
Amount :                  Writ Habeas Corpus (1)
                                        $5.00

Check Payment : 2961 /                    5.00
                        ──────────
Total Payment :                           5.00

PLEASE COMPLETE THE FOLLOWING: *(Check appropriate number)*

This petition concerns:

1. ☒ A conviction.
2. ☐ A sentence.
3. ☐ Prison discipline.
4. ☐ A parole problem.
5. ☐ Other.

## PETITION

1. Venue

   (a) Place of detention  California State Prison, Ione, CA

   (b) Place of conviction Los Angeles, CA

   (c) Place sentenced  Los Angeles, CA

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked).*

   (a) Nature of offenses involved *(include all counts):*  Murder, 2nd degree (sole count)

   (b) Penal or other code section or sections: Pen. Code § 187

   (c) Case number:  LASC # A804566

   (d) Date of conviction: November 21, 1985

   (e) Date of sentence:  February 7, 1986

   (f) Length of sentence on each count:  16 years-to-life

   (g) Plea *(check one)*
   ☒ Not guilty
   ☐ Guilty
   ☐ Nolo Contendere

   (h) Kind of trial:  *(check one)*
   ☒ Jury
   ☐ Judge only
   ☐ Judge alone on transcript

   (i) Did you testify at the trial?
   ☐ Yes  ☒ No

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

3.  Did you appeal from the conviction of sentence?

☒ Yes     ☐ No

4.  If you did appeal, give the following information for each appeal:

(a) (1) Name of court: California Court of Appeal

(2) Result: Conviction affirmed

(3) Date of result: 12/22/88

(4) Citation or number of opinion: B020092

(5) Grounds raised *(list each)*:

(a) Jailhouse informant testimony should have been suppressed because defendant's custody in adult jail was illegal

(b) Defendant's post-arrest statement to police was admitted in violation of Miranda v. Arizona

(c)

(d)

(e)

(f)

(g)

(b) (1) Name of court:

(2) Result:

(3) Date of result:

(4) Citation or number of opinion:

(5) Grounds raised *(list each)*:

(a)

(b)

(c)

(d)

(e)

(f)

(g)

5.  If you did not appeal:

(a) State your reasons

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

(b) Did you seek permission to file a late appeal?

    ☐ Yes    ☐ No

6. Other than a direct appeal, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?

    ☒ Yes    ☐ No

7. If you answer to 6 was "Yes", give the following information:

(a) (1) Name of court: California Supreme Court

    (2) Nature of proceeding: Petition for Review

    (3) Grounds raised: (1) Defendant's 6th Amendment right to counsel violated by his illegal placement in the 7000 module of L.A. County Jail; (2) Trial counsel ineffective for failure to properly present exculpatory evidence.

    (4) Result: Petition denied (Kennard, J. and Werdegar, J. voted to grant the petition)

    (5) Date of result: 10/29/03

    (6) Citation or number of any written opinions or orders entered pursuant to each such disposition. S118321

(b) (1) Name of court: Los Angeles Superior Court

    (2) Nature of proceeding: Petition for habeas corpus

    (3) Grounds raised: (1) Defendant's 6th Amendment right to counsel violated by his illegal placement in module 7000 of L.A. County Jail; (2) Trial counsel ineffective for failure to properly present exculpatory evidence; (3) PC 1473 (b)(

    (4) Result: Petition denied

    (5) Date of result: 3/6/03

    (6) Citation or number of any written opinions or orders entered pursuant to each such disposition. A504566

(c) (1) Name of court: California Court of Appeal

    (2) Nature of proceeding: Petition for habeas corpus

    (3) Grounds raised: Same as superior court habeas proceeding

    (4) Result: Petition denied

    (5) Date of result: 8/5/03

    (6) Citation or number of any written opinions or orders entered pursuant to each such disposition. B168853

8. Was an evidentiary hearing held?

☐ Yes   ☒ No

If so, state the name of the court, and the result: _____

9. If your answer to 6 was "No", explain briefly why you did not seek post-conviction relief in the state courts.

**CAUTION:** *Exhaustion Requirement.* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted as to some grounds, you must first present all other grounds to the state court.

10. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a **SINGLE** page only behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions, in support of your grounds. (e.g., if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do). A rule of thumb is - who did exactly what to violate your rights at what time or place.

(a) Ground one: Petitioner's 14th Amendment right to counsel was violated by state authorities when he was unlawfully housed pretrial in module 7000 (the "snitch tank") at the Los Angeles County Jail

Supporting FACTS (tell your story BRIEFLY without citing cases or law):
Petitioner was a minor when charged with the murder of his mother. He was ordered tried as an adult, but was to be maintained in juvenile housing pending trial. In violation of a court order, and of Welfare & Institutions Code § 707.1, petitioner was transferred to the 7000 module of L.A. County Jail. An adult informant testified that petitioner confessed his guilt to the informant. Some years after the trial, a Los Angeles County Grand Jury found that local law enforcement had an "arrangement" with the CJ personnel to place certain defts in the 7000 module where a "confession" would be expected (continued)

(b) Ground two: Petitioner's 14th Amendment right to effective assistance of counsel was violated when petitioner's trial counsel failed to present evidence strongly implicating a third party in the murder and exonerating petitioner.

Supporting FACTS (tell your story BRIEFLY without citing cases or law): Two months before the murder of petitioner's mother, petitioner, who lived in an apartment near his parents' home, evicted his roommate, Michael Ryan. Ryan was a violent person with a particular fascination for knives. Ryan went to live with his father in Mississippi, but four days before the murder, Ryan returned to Los Angeles and contacted petitioner. Petitioner refused to allow Ryan to move back in with him. During the time that Ryan and petitioner were roommates, they often did odd jobs around petitioner's parents' house to earn money. When Ryan returned to Los Angeles in the days before the murder, he was desperate for money (continued)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

CV-69 (07/02)

PAGE 5 OF 9

## QUESTION 10 - Addendum

10 (a) (continued): to ensue by virtue of the defendant's physical proximity to numerous
"professional" informants. The informants, who were segregated from the general jail population
in the 7000 module, ostensibly for their own protection, fully understood that they could receive
substantial assistance with their own cases from police and prosecutors if they produced evidence
against non-informant inmates who were housed in the same module. Further, as the Grand Jury
report described in detail, many informant-inmates were skilled at fabricating convincing-sounding
"confessions." The value of the 7000 module to law enforcement was that it eliminated any need for
officers to communicate in advance with any specific informant regarding a specific inmate - a
practice that was clearly unlawful if the inmate had been charged and was represented by counsel.

Following these revelations, the L.A. County Grand Jury commenced an investigation into
all cases in Los Angeles from 1975-1989 where jailhouse informant testimony had been introduced
by the prosecution. A list of such cases, provided by the Los Angeles District Attorney's Office,
included petitioner's case. The Los Angeles Superior Court presiding judge (criminal), promulgated
a policy whereby any defendant convicted in a case where jailhouse informant testimony was used
would be entitled to a court-appointed lawyer to investigate the possibility of an improper
conviction. Unfortunately, petitioner's trial counsel failed to inform petitioner of the availability of
counsel for this purpose, and petitioner spent much time vainly trying to obtain pro bono counsel
from local bar associations. By the time petitioner learned of the superior court's policy, the policy
had expired.

An evidentiary hearing in this case would produce documentary evidence that petitioner was
illegally removed from the custody of a juvenile institution and placed in the 7000 module for the
express purpose of obtaining jailhouse informant testimony to use at petitioner's trial, despite the
fact that petitioner had been charged and was represented by counsel.

10 (b) (continued): and was sleeping in various apartment building garages. On the day
before the murder, Ryan went to the Lisker family home and was admitted to the house by
petitioner's mother, who recognized him as a "friend" of her son. He asked Mrs. Lisker if she had
any jobs for him, but she told him she did not. That evening, Mrs. Lisker mentioned to her husband
that Ryan had been to the house that afternoon in need of money. The next day, Mrs. Lisker was
murdered in her home and money she was known to have been given by her husband the previous
evening was missing. Trial testimony established that the murder occurred about 10:30-11:00 a.m.
When Ryan was questioned by police, he stated that on the day of the murder he had checked into
a motel in Hollywood (about ten miles distant from the Lisker house) at about 11:00 a.m. Early the
next morning, he purchased a bus ticket back to Mississippi and left the same day (the day after the
murder). The detective interviewing Ryan then told him that the motel records had been checked and
that Ryan had not checked in (using a false name) until 3:00 p.m., and that the amount of money he
had when he arrived in California before the murder could not possibly have been sufficient to pay
for his room and buy a bus ticket home; Ryan must have obtained additional money somewhere
while he was in Los Angeles. Ryan could provide no explanation for these "inconsistencies."

Petitioner's trial counsel was provided with a transcript of the police interview of Ryan. Yet
counsel, upon a motion by the People to exclude any reference to Mike Ryan, failed to advise the
trial court of any of the highly incriminating statements Ryan had made to police. The court
accordingly granted the DA's motion to exclude any testimony about Ryan. As a result, petitioner
was forced to defend the case as though no plausible alternative existed to his guilt.

(c) Ground three: Petitioner is factually innocent of the crime.

Supporting FACTS (tell your story BRIEFLY without citing cases or law): At an evidentiary hearing, petitioner

will be able to produce evidence provided by the Internal Affairs Division of the Los Angeles Police Department that will

establish his factual innocence of the murder for which he stands convicted.

(d) Ground four:

Supporting FACTS (tell your story BRIEFLY without citing cases or law):

11. If any of the grounds listed in 10 were not previously presented to this court or any other court, state briefly which grounds were not presented, and give your reasons: The factual innocence claim has not been presented to any other court. In February, 2004, petitioner's counsel were informed by an Internal Affiars investigator that they would submit a report of their investigation of petitioner's conviction to the Actual Innocence Section of the Los Angeles County District Attorney's Office. The report is not yet completed, but should be shortly.

12. Do you have any petition, appeal or parole matter pending in any court, either state or federal as to the judgment of conviction under attack?

☐ Yes    ☒ No

13. Are you presently represented by counsel?

☒ Yes    ☐ No

If so, provide name, address and telephone number:

Robert B. Amidon, 2550 Hollywood Way, Suite 502, Burbank, CA 91505-1055;

David L. Bernstein, 11012 Ventura Blvd., #350, Studio City, CA 91604

Case name and court: The instant petition for federal habeas corpus (Lisker v. Knowles)

**WHEREFORE**, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_David L. Bernstein_
_____
_Signature of Attorney (if any)_

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.  Executed on

2-18-04
_____
_Date_

_____
_Signature of Petitioner_

BRUCE E. LISKER
_____
(Petitioner)

MICHAEL KNOWLES
_____
(Respondent[s])

**DECLARATION IN SUPPORT OF REQUEST
TO PROCEED IN FORMA PAUPERIS**

I, BRUCE E. LISKER _____ , declare that I am the petitioner in the above-entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?

☑ Yes    ☐ No

(a) If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer. <u>Approximately #26.00 ; Mule Creek State Prison</u>
_____

(b) If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received. _____
_____

2.  Have you received, within the past twelve (12) months, any money from the following sources:

(a) Business, profession or form of self-employment?        ☐ Yes    ☑ No
(b) Rent payments, interest or dividends?                    ☐ Yes    ☑ No
(c) Pensions, annuities or life insurance payments?          ☐ Yes    ☑ No
(d) Gifts or inheritances?                                    ☐ Yes    ☑ No
(e) Any other source?                                         ☐ Yes    ☑ No

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve (12) months: _____
_____

3.  Do you own any cash, or do you have money in a checking or savings account?
*(Include any funds in prison accounts)*

☑ Yes    ☐ No

If the answer is "yes", state the total value of the items owned: <u>Prison trust acct: #1,079.00</u>
_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?
*(Exclude ordinary household furnishings and clothing)*

☐ Yes    ☑ No

If the answer is "yes", describe the property and state its approximate value: _____
_____

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

CV-69 (07/02)                                                                        PAGE 8 OF 9

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. _None._

_____

_____

_____

_____

_____

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on

_____2-18-04_____
       Date

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ _1,079.00_ on account to his credit at the _Mule Creek St. Prison_ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution:

_none as of 2-18-04_

_____

_____

_____

_____

_____

_____

_____

Dated: ___2-18-04___

_____, CCI
Authorized Officer of Institution

_Correctional Counselor I_
Title of Officer

---

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

1

## PROOF OF SERVICE
(Pursuant to CCP §1013A)

2

3    **STATE OF CALIFORNIA**     )
                                ) ss.

4    **COUNTY OF LOS ANGELES**   )

5           I am employed in the County of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 2550 No. Hollywood Way,

6    Suite 502, Burbank, California 91505-1055.

7           On April 15, 2004, I served the foregoing documents described as: **PROOF OF
SERVICE OF PETITION FOR WRIT OF *HABEAS CORPUS* BY A PERSON IN STATE**

8    **CUSTODY** on the following person(s):

9    WILLIAM LOCKYER
Attorney General

10   300 South Spring Street
North Tower, Suite 5001

11   Los Angeles, CA 90013

12   By the following applicable method(s) of service:

13   A.     XX     By Mail, Courier or Personal Service:
                            BY PLACING [ ] _____ the original, [XXX] true and correct copy thereof in sealed

14                             envelopes and thereby serving said document upon the above-entitled persons
                          as follows:

15                             [ X ]    BY MAIL.  I deposited such envelope in the mail at Burbank, California.
                                      The envelope was mailed with postage thereon fully prepaid.

16                             [ ]      BY COURIER.  I caused to be deposited such envelope with FEDERAL
                                      EXPRESS for personal delivery.

17                             [ ]      BY PERSONAL SERVICE.  I caused such envelope to be personally
                                      served by hand to the offices of the addressee.

18

     B.     ___     By Facsimile Transmission:

19              [ ]     BY TELECOPY FACSIMILE.  I caused such service to be effected by faxing
                         said document on and at approximately _____

20

     ___    STATE

21     X    FEDERAL

22           I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.  I declare that I am employed in the office of a member of the Bar

23   of this Court at whose direction the service was effected.  Executed on April 15, 2004, at
Burbank, California.

24

25   _____

                                         Blanca E. Parks

26

27

28

PoS.wpd