

```
Priority    X
Send        X
Enter       ___
Closed      ___
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE E. LISKER,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL KNOWLES, WARDEN,<br><br>    Respondent. | CASE NO. CV 04-02687 VAP (RZ)<br><br>ORDER TO SHOW CAUSE<br>RE SANCTIONS |

    On December 21, 2004, this Court ordered Respondent to lodge with the Court copies of the Reporter's and Clerk's Transcripts from Petitioner's trial and to file a Reply to Petitioner's Opposition to the Motion to Dismiss. The Court ordered Respondent specifically to address two issues in the Reply: (1) whether Petitioner has demonstrated his actual innocence; and (2) whether such actual innocence excuses the untimeliness of the First Amended Petition. Counsel for Respondent requested and received three 30-day extensions of time to file the Reply. In each application for extension, counsel stated, under penalty of perjury, that he required additional time to file the Reply because Petitioner's "claim of actual innocence (to which Respondent has been ordered to respond) involves a close examination of the facts alleged in the Petition and in the Opposition to the Motion to Dismiss, as well as an analysis of the facts contained in the trial record, all of which are quite voluminous."

1   On March 22, 2005, the Court ordered the Reply due on April 19, with no
2   further extensions of time to be granted.
3   On April 19, 2005, counsel instead filed another application for extension of
4   time, until April 25, to file the Reply. The Court allowed the extension, but ordered that
5   if any further extensions were sought, counsel would be required to appear in person,
6   together with the supervisor, to explain why sanctions should not be imposed. On
7   April 25, 2005, Respondent filed a 23-page Reply. Respondent did not at that time lodge
8   any transcripts from Petitioner's trial. On April 27, 2005, two days late (but without
9   permission for late submission) the record was lodged.
10  Respondent's Reply mentions not one fact from Petitioner's trial, his Petition
11  or the Opposition to the Motion to Dismiss. Respondent addresses instead only the second
12  question posed by the Court in the December 21 order – whether an actual innocence
13  exception exists. (The Reply also addresses the propriety, in general, of a "freestanding"
14  claim of innocence. Such a claim is not before the Court, the propriety of such a claim is
15  not an issue on which the Court required briefing, and it is irrelevant to the question of the
16  First Amended Petition's timeliness.)
17  Counsel for Respondent has failed entirely to address the factual question of
18  Petitioner's actual innocence, as ordered to do in the December 21 order. (As counsel put
19  it, "Requiring Respondent to rebut Petitioner's allegations of factual innocence before
20  deciding whether . . . an actual innocence exceptions exists puts the cart before the horse."
21  (Reply, at 20-21.)) Counsel offers nothing in the way of explaining why he required 90
22  additional days to review the factual record if it was irrelevant to Respondent's Reply. It
23  appears to the Court that counsel has failed to comply with the Court's order, has
24  needlessly delayed these proceedings, has made misrepresentations in order to obtain
25  extensions of time, and therefore may be subject to sanctions pursuant to FED. R. CIV. P.
26  11, 28 U.S.C. § 1927, the Local Rules of this Court, and the Court's inherent power.
27
28

1 | Accordingly, counsel for Respondent is hereby **ORDERED** to show cause
2 | at 10:00 a.m., on May 23, 2005, why he should not be sanctioned. Any declarations or
3 | other written response shall be filed not later than May 16, 2005.
4 | **IT IS SO ORDERED.**

DATED: May _6_, 2005

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE