Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
AUG 23 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 24 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE E. LISKER,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>　　　　Respondent. | CASE NO. CV 04-02687 VAP (RZ)<br><br>ORDER DENYING PETITIONER'S MOTION FOR BAIL PENDING ADJUDICATION OF HABEAS PETITION |

On August 20, 2007, the Court heard argument on Petitioner's Motion for Bail Pending Adjudication of Habeas Petition, and took the matter under submission. After considering all filings submitted in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court denies Petitioner's motion without prejudice, as explained below.

Petitioner filed this Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 on April 16, 2004. Proceedings on Petitioner's habeas petition are currently stayed in this Court while Petitioner pursues habeas relief in the

DOCKETED ON CM
AUG 24 2007
BY _____ 164

California Supreme Court.[1] On July 7, 2007, Petitioner moved this Court for release on bail pending resolution of his habeas petition here. He argues that he is neither a flight risk nor a danger to the community, that he has housing and support available to him upon release, that he has a high likelihood of success on the merits of his claims, and that there are extraordinary circumstances warranting a grant of bail at this stage in the proceedings. Respondent opposes Petitioner's motion for bail, arguing that (1) this Court has no statutory or other authority to release Petitioner on bail, (2) even if it does, it should not release Petitioner because he cannot demonstrate special circumstances warranting release, (3) he does not demonstrate a likelihood of success on the merits, and (4) he does not satisfy traditional bail standards. Respondent argues further that principles of comity dictate against release as Petitioner currently is pursuing habeas relief in state court. In reply, Petitioner contends that the Court has the authority to grant bail and should do so in order to avoid a further miscarriage of justice in this case.

There is no statutory authority for a district court to enlarge a petitioner on bail pending resolution of a habeas petition.[2] Nearly every U.S. Court of Appeals other than

---

[1] The Court construes Petitioner's Motion also to seek a temporary lift of the ongoing stay in these proceedings to consider Petitioner's bail request, and grants the request.

[2] The grant of bail *after* determination of a habeas petition is governed by Federal Rule of Appellate Procedure 23, which provides in relevant part as follows:

> (b) Detention or Release Pending Review of Decision Not to Release. While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
> (2) detained in other appropriate custody; or
> (3) released on personal recognizance, with or without surety. (cont'd)

the Ninth Circuit has found that it is within the inherent power of a district court to grant bail to a petitioner pending consideration of the petitioner's § 2254 petition. *See Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972); *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992); *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975); *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986); *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *see also Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (district court may grant bail pending review of § 2255 petition); *and Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990) (same).

The authority of a district court "to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition" has not been settled in the Ninth Circuit, however. *In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001). In *Roe*, the Court declined to decide what it determined to be an issue of first impression in this circuit, finding that an earlier circuit opinion affirming a district court's grant of bail to a petitioner already granted conditional habeas relief, *Marino v. Vasquez*, 812 F.2d 499 (9th Cir. 1987), did not answer the question posed in *Roe*, i.e., whether the court could grant bail pending resolution of the habeas petition. *Roe*, 257 F.3d at 1079-80. The *Roe* court also found that *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989), which affirmed a denial of bail pending resolution of a habeas petition, did not answer the question either; in *Lands*, the court had merely assumed, without expressly deciding, that the district court had the authority to order bail. *Roe*, 257 F.3d at 1079-80. And although the *Roe* court acknowledged some of the out-of-

---

(c) Release Pending Review of Decision Ordering Release.
While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

FED. R. APP. P. 23

circuit authority supporting Petitioner's position, it nevertheless expressly pointed out that "we have not yet weighed in on this issue." *Id.* at 1080. Nor did the Ninth Circuit find it necessary to do so in that case, because it found that the petitioner was not entitled to bail in any event.

Although the clear trend in the circuit courts favors finding that district courts have the inherent power to grant bail during ongoing habeas proceedings, this Court need not resolve an issue that has not been decided in this circuit. Instead, it denies Petitioner's motion without prejudice at this time, for reasons both substantive and procedural.

In *Roe*, the Ninth Circuit reversed the district court's grant of bail because the petitioner had not demonstrated that his was an "extraordinary case[] involving special circumstances or a high probability of success." *Roe*, 257 F.3d at 1080 (quoting *Land v. Deeds*, 878 F.2d at 318-19), Other circuits have required a similar – or even heightened – showing in order to grant bail during ongoing habeas proceedings. *See Landano*, 970 F.2d at 1239 (holding that a district court must find both extraordinary circumstances and a high likelihood of success on substantial claims to grant bail during ongoing habeas proceedings); *Mapp*, 241 F.3d at 226, 230 (holding that a court must find extraordinary circumstances and substantial claims to grant bail); *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (same); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (same); *Pfaff*, 648 F.2d at 693 (holding that a district court must find either extraordinary circumstances *or* a "clear case on the merits of the habeas petition" before granting bail pending resolution of habeas petition); *see also Arsonson v. May*, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (holding that to grant bail pending appeal of denial of habeas petition, court must find "substantial questions" raised by appeal and "some circumstance making this application exceptional and deserving of special treatment in the interests of justice."). Petitioner here has not made the showing described by the Ninth Circuit in *Roe*.

Petitioner argues that he has a high likelihood of success on the merits of his claims – especially on his false evidence claim currently being exhausted in the state courts – relying on this Court's findings in the order denying Respondent's motion to dismiss. Respondent responds by repeating its disagreement with the Court's findings, and also pointing out that she has yet to present evidence to the Court on the merits of Petitioner's claims.[3]

---

[3] At the hearing, counsel for Respondent had difficulty articulating why a further evidentiary hearing would be required before the Court could consider the merits of Petitioner's claims. He offered only one example: the Court would need to determine the prosecutor's complicity in presenting any false evidence. In fact, however, the prosecutor testified at length at the evidentiary hearing already held before Magistrate Judge Zarefsky and Respondent did not explain satisfactorily why further questioning of this witness would be necessary. Furthermore, U. S. Court and Ninth Circuit authorities hold that the presentation of false evidence may violate due process even where a prosecutor is unaware of its falsity. *See, e.g., Hall v. Director of Corrections*, 343 F.3d 976, 981-82 (9th Cir. 2003) (granting habeas relief under AEDPA to petitioner who proved that material false evidence was used against him even where he made no allegation that the prosecutor knew of its falsity) (citing *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) ("First, it is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment . . . ."); *see also United States v. Young*, 17 F.3d 1201, 1203-04 (9th Cir. 1994) ("[A] government's assurances that false evidence was presented in good faith are little comfort to a criminal defendant wrongly convicted on the basis of such evidence. A conviction based in part on false evidence, even false evidence presented in good faith, hardly comports with fundamental fairness."); *United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976) (prosecutor may not use evidence he "knew, or should have known," was false); *Hovey v. Ayers*, 458 F.3d 892, 916 (9th Cir. 2006) ("To prevail on a [false evidence] claim, the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) . . . the false testimony was material.") (quotation omitted); *and see also Kyles v. Whitley*, 514 U.S. 419, 437-38, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) (prosecutor is charged with police knowledge of evidence); *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (knowledge of state of evidence may be imputed from one state actor to another); *United States v. Fort*, 478 F.3d 1099, 1103 (9th Cir. 2007) ("The prosecutor's duty to
(cont'd)

Both parties' arguments lack merit. Petitioner's success in defeating the Motion to Dismiss does not equate to a finding that he has a high likelihood of success on his claims; rather, the Court found that Petitioner had satisfied the test for a "gateway" claim of innocence set forth in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). As the Report and Recommendation explained clearly, the innocence gateway allows a petitioner who can demonstrate his innocence to have his otherwise procedurally defaulted claims heard on their merits; in that respect, it differs from a freestanding claim of innocence that might independently entitle a petitioner to habeas relief. *Id.* Thus, this Court has not yet considered the merits of Petitioner's claims.

The Ninth Circuit has held that merely raising serious claims will not warrant bail; Petitioner must demonstrate a "high probability of success" on the merits of his claims. *Roe*, 257 F.3d at 1080. Given the posture of the case, the Court does not now find that Petitioner has made this showing. Cf. Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986) (noting that it is not likely "appropriate to grant bail prior to ruling on a state habeas petition solely on the ground that there is a high likelihood of success on the merits, *especially absent exhaustion of state remedies.*"). (Emphasis added.)

Related to his argument that he will likely succeed on the merits of his claims is Petitioner's argument that he can demonstrate extraordinary circumstances because of this Court's ultimate finding in the order denying the motion to dismiss, *i.e.*, that Petitioner has satisfied the *Schlup* gateway innocence standard. Again, Respondent vigorously disagrees with the Court's findings as she did in her objections to the Report and Recommendation.

---

disclose information includes a duty to disclose information known to other agents of the government."), *pet. for cert. filed* (Jul. 6, 2007) (No. 07-31).

Petitioner's position is weakened by the Ninth Circuit's decision in *Roe*, in which the court found that even a petitioner who had satisfied the actual innocence standard, *see Roe*, 257 F.3d at 1079 n. 1, was not entitled to bail. *See id.* at 1081. Petitioner argues that his circumstances are distinguishable from the petitioner's in *Roe* because the district court did not hold an evidentiary hearing. Whether that is the case is unclear from the text of the *Roe* decision, but this Court does not find it to be a sufficient distinction to override the principle of *Roe*, especially when considered together with the existence of Petitioner's still-pending state court habeas petition, as discussed below. *See also Landano*, 970 F.2d at 1241 (denying bail to a petitioner who made some showing of innocence in part because "[w]hen the State has not completed its review of the petitioner's claims, it is inappropriate for a federal court to reach the merits of petitioner's case in ruling on a motion for bail.").

Petitioner also urges the Court to consider that he has an offer of housing from Mr. Jerry Weinstock, his deceased stepmother's husband, and therefore is not a flight risk. Although the familial relation between Petitioner and Mr. Weinstock is not necessarily close, the Court would not require more after Petitioner's many years in prison and family situation. The Court also notes that, if it were otherwise inclined to order bail, counsel's representation at the hearing that Mr. Weinstock would offer his house as bail collateral would be an important factor in Petitioner's favor.

Petitioner does not claim that his failing health requires bail. Nevertheless, the Court rejects Respondent's contention that a claim of failing health would be the only extraordinary circumstance which would warrant a grant of bail. *See Lucas*, 790 F.2d at 367 ("[W]e do not mean to suggest that a habeas petitioner's poor health is the only 'extraordinary circumstance' that may justify a grant of bail prior to disposition of the habeas petition . . . .").

///

The Court considers both the completion of Petitioner's sentence and the alleged "bad faith" of the state to be neutral factors in this analysis. Although Petitioner has been incarcerated for a lengthy period, his is an indeterminate life sentence under California law. And, although Respondent surely could have waived the exhaustion requirement in this case, she was under no legal obligation to do so and so the delay at this point cannot be laid entirely at her feet, and at this point, only six months have elapsed since the California Supreme Court began its consideration of the lengthy record on Petitioner's habeas petition. Therefore, the delay resulting from the exhaustion process does not favor enlargement on bail at this time. *See Roe*, 257 F.3d at 1081.

Finally, Respondent argues that principles of comity dictate that this court abstain from granting bail because of the ongoing state court proceedings. The Ninth Circuit has not addressed this issue expressly, but the courts who have considered it have agreed with Respondent in this regard. In *Landano*, 970 F.2d at 1240-41, the Third Circuit, citing the principle of comity, found bail inappropriate in part because the petitioner had not yet exhausted his claims in state court, even where exhaustion was a time-consuming process and petitioner had made some showing of his innocence. *See id.* The Third Circuit previously applied this principle when it found that bail was granted improperly pending habeas review where a petitioner failed to exhaust his claims in state court and had pending a state court petition for collateral review. *Lucas*, 790 F.2d at 367-68. Finally, the First Circuit, in *Eaton v. Holbrook*, 671 F.2d 670, 673 (1st Cir. 1982), found that bail was inappropriate, even assuming that the petitioner demonstrated a likelihood of success on the merits of his claims, where the petitioner had failed to exhaust claims in state court.

The Court also notes here that Petitioner has not requested that the state court grant him bail, even though his claims are currently proceeding there. For this reason, and because comity suggests that this Court should not act to alter Petitioner's custody status

while the state court proceedings are ongoing, the Court will deny Petitioner's request at this time.

## CONCLUSION

Petitioner's case is an "extremely rare" one, in which he has sustained a successful *Schlup* claim. *See Schlup*, 513 U.S. at 324. Nevertheless, for the reasons set forth above, including the ongoing proceedings initiated this year in the state court, the Court declines to enlarge Petitioner on bail at this time. Therefore, the Court hereby denies without prejudice Petitioner's motion.

DATED: August 23, 2007

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE