EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
KRISTOFER JORSTAD
Deputy Attorney General
ROBERT DAVID BRETON
Deputy Attorney General
State Bar No. 73686
   300 South Spring Street
   Los Angeles, CA 90013
   Telephone: (213) 897-2279
   Facsimile: (213) 897-6496
   Email: DocketingLAAWT@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRUCE E. LISKER,**<br><br>            **Petitioner,**<br><br>    v.<br><br>**MICHAEL KNOWLES, WARDEN,**<br><br>            **Respondent.** | CV 04-02687-VAP (RZ)<br><br>**REPLY TO OPPOSITION TO MOTION FOR EVIDENTIARY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 18, 2008<br>Time: 10:00 a.m.<br>Courtroom: Hon. Ralph Zarefsky<br>United States Magistrate Judge |

      Respondent Rosanne Campbell, Warden of Mule Creek State Prison at Sacramento, California, by and through counsel, respectfully replies to Petitioner's Opposition to Respondent's Motion For Evidentiary Hearing on Ground Two (the denial of effective assistance of counsel by virtue of defense counsel's alleged failure to investigate and advance a third-party-culpability defense, in violation of the Sixth and Fourteenth Amendments). This Reply is based on the attached Memorandum of Points and Authorities and on any matters that may be argued or presented at the hearing on the motion, and on such other documentary evidence that is properly before this Court.

1     WHEREFORE, Respondent prays that an evidentiary hearing be conducted to
2 resolve the disputed facts regarding defense counsel's alleged ineffectiveness, as set
3 forth in Ground Two of the Petition.

5     Dated: August 11, 2008.

6                               Respectfully submitted,

7                               EDMUND G. BROWN JR.
                              Attorney General of the State of California
8                               DANE R. GILLETTE
9                               Chief Assistant Attorney General
10                             PAMELA C. HAMANAKA
                              Senior Assistant Attorney General
11                             KRISTOFER JORSTAD
12                             Deputy Attorney General

15                             **/s/ Robert David Breton**
                              ROBERT DAVID BRETON
                              Deputy Attorney General
16                             Attorneys for Respondent

18 LA2004FH0213
Lisker Reply to Opposition.wpd

**MEMORANDUM OF POINTS AND AUTHORITIES**

**AN EVIDENTIARY HEARING IS REQUIRED TO RESOLVE CERTAIN FACTUAL DISPUTES REGARDING PETITIONER'S CLAIM HIS ATTORNEY'S REPRESENTATION WAS INADEQUATE**

Respondent has requested an evidentiary hearing on Ground Two. An evidentiary hearing is not only desirable, but is mandated to resolve outstanding factual disputes regarding the extent of defense counsel's pre-trial preparation of a third-party-culpability defense and the reasons for his decisions regarding the presentation of such evidence at trial. An evidentiary hearing is required because the factual disputes as to these two material issues were never developed or resolved in a state hearing, and substantial new evidence has been presented on these issues.

In Petitioner's Response to the "Order Re Evidentiary Hearing," he avers that the existing record from the actual innocence hearing "proves why the above conduct of counsel was objectively unreasonable" and alleges that the same record shows that counsel's omissions "could not be justified by any legitimate strategic or tactical consideration." (Response at 5.) Again, in his Opposition to the Motion For Evidentiary Hearing, he insists no evidentiary is necessary because "there are no plausible legitimate strategic reasons that could justify or excuse counsel's failures." (Opposition at 1.) He posits that "this is not a case where counsel made a decision to forego a defense," but that counsel "failed to use the available evidence" in presenting "evidence that would have supported the position he was arguing" regarding a third-party-culpability defense. (Opposition at 1.)

Respondent disagrees. Although defense counsel may have attempted to obtain and present evidence of third-party culpability before Petitioner's *first* trial, it is *not* clear that he had decided not to forego such a defense at the *second* trial, after Petitioner had pled nolo contendere and had confessed regarding his attempt to make it look like someone else had committed the murder. On the contrary, the record would support an inference that the defense of third-party-liability was deliberately abandoned at the second trial as a matter of trial tactics, partly due to defense

1

counsel's ethical obligations, and partly because defense counsel knew that the prosecution could easily rebut such evidence with other evidence that was available at the time of trial, but which no longer exists today due to Petitioner's delay.

Furthermore, Petitioner seems to be confusing the defense counsel's failure to use all available "evidence" merely at a hearing in opposition to the prosecutor's in-limine motion to exclude third-party-liability evidence with defense counsel's failure to present such "evidence" at trial -- whether admissible or not. (Opposition at 1; Traverse at 59-64.) It is one thing to present "suspicious" evidence to a trial court that might permit speculation as to third party involvement, but quite another to present relevant, non-prejudicial, *admissible* evidence at trial to the jury. These disputed matters as to whether defense counsel investigated and considered the presentation of speculative evidence of dubious relevance or questionable admissibility under the state's rules of evidence must be explored and resolved in a setting that will permit defense counsel an opportunity to defend his conduct.

Thus, an evidentiary hearing is compelled in this case.

Dated: August 11, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
KRISTOFER JORSTAD
Supervising Deputy Attorney General


**/s/ Robert David Breton**
ROBERT DAVID BRETON
Deputy Attorney General
Attorneys for Respondent

LA2004FH0213
Lisker Reply to Opposition.wpd